UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL WHITE,

                Plaintiff,

                              CIVIL CASE NO.  04-40260

v.

DETROIT EDISON COMPANY, et al.,       HONORABLE PAUL V. GADOLA
                                                   U.S. DISTRICT COURT
                Defendants.
_____/

**SUPPLEMENTAL ORDER TO THE COURT'S NOVEMBER 15, 2005 OPINION**

       On September 9, 2004, Plaintiff Darryl White filed suit against his former employer, Detroit Edison Company ("Detroit Edison"), his former local union, Utility Workers Union of America AFL-CIO, Local 223 ("Local 223"), and the union's national organization, Utility Workers Union of America AFL-CIO ("National Union").  All three Defendants subsequently filed motions for summary judgment.

       On November 15, 2005, this Court issued an order granting Defendant Local 223's and Defendant National Union's motions for summary judgment and dismissing them from the case. The Court denied Defendant Detroit Edison's motion for summary judgment, leaving Detroit Edison as the sole remaining defendant.  Upon further consideration, the Court realizes that Plaintiff's claim is a hybrid claim which requires both a breach of the duty of fair representation and a breach of the collective bargaining agreement.  Because the Court previously found no breach of the duty of fair representation, Plaintiff has failed to establish a hybrid claim.  The Court thus grants Detroit Edison's motion for summary judgment, and dismisses this case in its entirety.

Plaintiff's Complaint, filed originally on September 9, 2004, contained three counts. After Count III was withdrawn by Plaintiff, only two counts remained: Count I, a claim against Detroit Edison for breach of the collective bargaining agreement; and Count II, a claim against National Union and Local 223 for breach of their duty of fair representation. In its November 15, 2005 order, this Court found that both National Union and Local 223 did not breach their duties of fair representation. They were thus dismissed from the case, leaving only the claim against Detroit Edison for a breach of the collective bargaining agreement.

Plaintiff brought his claims under the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.* ("LMRA"), with his cause of action arising under § 301 of the LMRA. Under § 301, Plaintiffs' claims against his employer and his union are not completely separate claims, but are rather "inextricably interdependent" in a hybrid claim. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).

> Because most collective-bargaining agreements accord finality to grievance or arbitration procedures established by the collective-bargaining agreement, an employee normally cannot bring a § 301 action against an employer unless he can show that the union breached its duty of fair representation in its handling of his grievance. Whether the employee sues both the labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages: that the employer's action violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation.

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (citations omitted). Therefore, if Plaintiff fails to demonstrate one of the two essential elements, such as a breach of the duty of fair representation by his union, Plaintiff cannot recover against his employer. *See also Roeder v. Am. Postal Workers Union, AFL-CIO*, 180 F.3d 733, 737 (6th Cir. 1999); *Black*

*v. Ryder/P.I.E. Nationwide, Inc.*, 930 F.2d 505, 510 (6th Cir. 1991) ("In any event, when the union cannot be held liable for unfair representation, of course, the employer cannot be held liable for breach of the collective bargaining agreement.").

In the November 15 order, although this Court found that there is a genuine issue of material fact as to whether Plaintiff's employer Detroit Energy discharged Plaintiff for just cause or not, the Court also found that there was no breach of the duty of fair representation. Because of this, Plaintiff is unable to satisfy one of the two required elements and his cause of action against Detroit Edison must necessarily fail as a matter of law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Court's denial of Defendant Detroit Edison's motion for summary judgment [docket entry 42] entered on November 15, 2005, is **VACATED**, and Defendant Detroit Edison's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that this action, Civil Case No. 04-40260, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated:   November 30, 2005                                  s/Paul V. Gadola
                                                            HONORABLE PAUL V. GADOLA
                                                            UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   December 1, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  Mark S. Demorest; Christopher L. Haven; Ellen F. Moss; Charles T. Oxender; David R. Radtke; Richard J. Seryak; Christopher M. Trebilcock         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                    .

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845